Arlie A. Sanders v. Commissioner.
Sanders v. Commissioner
Docket No. 152-67.
United States Tax Court
T.C. Memo 1969-215; 1969 Tax Ct. Memo LEXIS 78; 28 T.C.M. (CCH) 1148; T.C.M. (RIA) 69215; October 15, 1969. Filed Charles Sarkisian, 1936 Railway Exchange Bldg., 610 Locust St., St. Louis, Mo., for the petitioner. Alan B. Shidler, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1965 in the amount of $217. The only issue is whether the petitioner is entitled to dependency exemptions for each of his two children. Findings of Fact Some of the facts were stipulated and are incorporated herein by this reference. The petitioner is an individual who at the time of the filing of the petition was a resident of Hillsboro, Missouri. He filed his return for the taxable year 1965 with the district 1149 director of internal revenue, St. Louis, Missouri. Petitioner was married to Mary Joan Sanders *79 on July 16, 1958. They had two children, Arlie A. Sanders, Jr., who was born on June 5, 1961, and Sheila Joan Sanders who was born on July 29, 1963. Petitioner and Mary Joan became permanently separated from one another on July 28, 1965. On March 10, 1966, in the city of St. Louis, Mary Joan was divorced from petitioner, and under the divorce decree petitioner was required to pay Mary Joan $15 per week as child support for the two children. During 1965, petitioner was able to secure employment during the period from June through September. His total wages for 1965 were $2,491.83. For the balance of the year petitioner received unemployment benefits, totalling around $1,200. From the beginning of 1965 until August 15, 1965, Mary Joan and the two children lived with her father, Glenn Archer, in the house that he owned in St. Louis. They resided there continuously except for four or five days in January when Mary Joan visited petitioner at his mother's home, the last week in June and the first week in July when Mary Joan and the two children stayed with petitioner at his mother's home, and July 25 to 28 when Mary Joan again visited petitioner. Also present in Glenn Archer's household *80 during this period were his wife and nineteen year old son, Tom. During the first three months of 1965, petitioner also occasionally resided there for a few days at a time, coming and going at his own will. From the beginning of 1965 until August 15, 1965, Glenn Archer contributed most of the support of the children. He was employed continuously during 1965 as a mechanic, with a weekly take home pay of about $100. The only other income in the household was the part-time earnings of Glenn Archer's son, Tom, amounting to less than $600. Glenn Archer owned the home that he lived in in 1965. He made mortgage payments of principal and interest of $50 per month. The house had four bedrooms and was about 40 years old and in fair condition. The fair rental value of the house as furnished was about $100 per month. In addition, Glenn Archer made payments for the utilities (water, electricity, and gas) averaging about $25 per month. Thus Archer in 1965 furnished support for each child in the form of lodging and utilities in his own home in the approximate amount of $160. From January 1 to August 15, 1965, Glenn Archer spent about $300 for food for each of petitioner's children. During *81 this period, he also spent about $15 for each child for laundry; about $25 for each child for clothing; about $5 for each child for entertainment; and about $5 for each child for transportation. Petitioner contributed nothing to the support of his two children during this period except for the two-week period in June and July when they stayed at his mother's and he purchased all of the groceries for the household. On August 15, 1965, Mary Joan, with her two children, moved out of her father's residence to a three room apartment in Lemay, Missouri. She lived there for about two months until October 10, paying a weekly rental of $17.50. On the latter date, she moved to another three room apartment in St. Louis where she stayed the remainder of 1965. The monthly rental for this apartment was $40. From August 3 to October 10, 1965, Mary Joan had her only employment for the year as a factory worker. She had a total income of a little over $300. While she was working, Mary Joan spent about $45 for clothing for each child. She also paid the utilities (gas and electricity) in her apartments, totalling about $99 for 1965. Mary Joan also spent about $5 for each child for entertainment. After *82 her employment ceased, Mary Joan was able to provide no support for herself or the two children. After the separation on July 28, 1965, petitioner gave Mary Joan about $120 in cash for the support of his two children. Petitioner also provided Mary Joan with groceries totalling about $83. After her employment terminated, the balance of her groceries were supplied by Glenn Archer. Glenn Archer also gave Mary Joan $80 to pay her rent for the last two months of 1965. Based upon the foregoing, it is found that Glenn Archer contributed support for each of petitioner's two children in 1965 in the approximate amount of $536. In that year Mary Joan furnished support for each child in the approximate amount of $142. In that year the petitioner furnished support for each child in the approximate amount of $102. For such taxable year petitioner did not furnish over half the support for either of his two children. 1150 In his return for the taxable year 1965, the petitioner claimed a dependency exemption of $600 for each of his two children. In the notice of deficiency the respondent disallowed the two claimed dependency exemptions for 1965. Opinion The respondent determined that *83 the petitioner did not furnish over half of the support of his two children in the taxable year 1965, and therefore held that he was not entitled, under section 151 of the Internal Revenue Code of 1954, to deduct dependency exemptions claimed by the petitioner for them. We have found as facts that the petitioner did not furnish over half of the support of either of his two children during the taxable year 1965. In view of our findings, the respondent's determination is hereby approved. Decision will be entered for the respondent.